**FILED**

MAR 1 8 2016

Clerk, U.S. District and
Bankruptcy Courts

Elizabeth DelGrosso

502 Sherwood Rd.

MaysLanding, NJ. 08330

(609) 625-5262

# UNITED STATES DISTRICT COURT

# OF THE DISTRICT OF COLUMBIA

------------------------------------------------------------x

Elizabeth DelGrosso

                      Plaintiff,

    vs.

Federal National Mortgage Association,

Wells Fargo Bank, N.A., Wells Fargo Home

Mortgage, Reed Smith, LLP., Counsel for

Wells Fargo Bank, N.A.,  and Fannie Mae

Powers Kirn, LLC., Counsel not on record in

Bankruptcy Court, Phelan, Halinan, Diamond

& Jones, P.C., Counsel on record in

Bankruptcy Court.

                    Defendant's.

------------------------------------------------------------x

Case: 1:16−cv−00544   Jury Demand
Assigned To : Walton, Reggie B.
Assign. Date : 3/18/2016
Description: Pro Se Gen. Civil (F Deck)

Civil Action

**Complaint**

**RECEIVED**

MAR 1 8 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia



RECEIVED
Mail Room

MAR 2016

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

# SUMMARY & FACTS

Plaintiff complains of Defendant's Wells Fargo Bank N.A., Wells Fargo Home Mortgage, Powers Kirn, LLC., Reed Smith LLP and Phelan, Halinan,Diamond & Jones, P.C. jointly attempting to connect the undersigned Plaintiff Elizabeth DelGrosso and the property with the bankruptcy actions of Ron Paoloca in the United States Bankruptcy Court, District of New Jersey, Case Number 15-10546. Plaintiff believes that the turmoil was already instituted by first counsel on record, the Zucker, Goldberg & Ackerman LLC law firm which is currently in bankruptcy Chapter 11. Their (Debt Collectors/Banks) planed to drive with help of the stealthy use of the automatic stay to deny mortgage payments and drive Plaintiff and Co-Signers/Borrowers purposely into debt with the intent to initiate after the discharge of the secured debts in U.S. Bankruptcy Court an arbitrarily illegal foreclosures with the intent to sell the property on a Sheriff Auction unjustly enriching themselves from the proceeds.

Plaintiff states the following:

1. The Plaintiff is a citizen of the State of New Jersey residing at 502 Sherwood Road, Mays Landing, NJ, 08330, Phone Number 609-625-5262

2. Defendant Federal National Mortgage Association (Fannie Mae) the real party of interest doing business at 3900 Wisconsin Avenue, NW, Washington, DC, 20016, Phone Number 202-752-7000

3. Defendant Wells Fargo Bank, N.A. is a bank with principal place of business in San Francisco, California with the address 420 Montgomery Street, San Francisco, CA, 94104, Phone Number 415-975-7745

4. Defendant Wells Fargo Home Mortgage with is principal place of business 4101 Wiseman Boulevard, San Antonio, TX, 78251 Phone Number 1-800-288-3212- Mailing Address: P.O. Box 659568, San Antonio, TX, 78265-9568

5. Defendant Powers Kirn, LLC., 728 Marne Highway, Suite 200, Moorestown, NJ, 08057 Phone Number 856-802-1000

6. Defendant Reed Smith, LLP, Three Logan Square, Suite 3100, 1717 Arch Street, Philadelphia, PA, 19103, Phone Number 215-851-8100

7. Defendant Phelan, Halinan, Diamond & Jones, LLP., 400 Fellowship Road, Suite 100, Mount Laurel, NJ, 08054 Phone Number 856-813-5500

8. This Complaint has the basis for Jurisdiction pursuant to 28 U.S.C., Section 1332 in which a citizen of one state sues a citizen of another state and the amount being sued in damages is more than $ 75,000.00 is considered as a "Diversity of Citizenship Case".

Here the Plaintiff is a citizen of the state of New Jersey, the Defendant's herein are citizens of Washington DC, Texas, California, and New Jersey and for the fact that Plaintiff herein is suing for $ 2,500,000.00 for damages, putative damages and psychological damages.

9.    Venue lies in the Court pursuant to 28 U.S.C., Section 1391 (C)(2)

10.    Defendant Jointly violated the Dodd-Franks Wall Street Reform Act, which makes it unlawful for any covered institution to engage in any unfair, deceptive, or abusive act or practice which includes all new rules implemented by the Consumer Financial Protection Bureau. Moreover they violated the Consumer Protection Act, The Home Ownership and Equity Protection Act, with the Failure to test open end mortgages to the coverage test, the the ability-to-repay and qualified mortgage rule, the loan originator rule and disclosure, the Real Estate Settlement Procedures Act, the Truth In Lending Act, the Mortgage Servicing Rules, the CFPB Supervision and Examination Manual Rules, The two Consent Orders signed by Wells Fargo Bank, N.A. in 2011 and 2015 with the Bureau in a Enforcement Action to correct loan deficiencies and defects of loans originated from World Savings Bank, FSB, the Consumer Protection Act, 15 U.S.C. Ch 41, Section 1601 Public Law 90-321. Wells Fargo Bank, N.A. arbitrarily and presumably with named and not named Defendants through a false information of a unknown counsel from a title company gave misinformation to counsel of Reed Smith LLP the advise for the non acceptance of Plaintiffs mortgage payments at the moment the mortgage payments were current and not in default and using stealthy the rule of bankruptcy the chapter 7 "stay" of the nominal co-signer bankruptcy filing.

11. Moreover defendant Wells Fargo Bank, N.A. failed in its paperwork to disclose to consumer and plaintiff herein, that the real party of interest in those loans was in reality Federal National Mortgage Association that should have overseen the servicing practices of Wells Fargo Bank, N.A. as the servicer, giving the opportunity to consumer and borrower the ability to-repay those not in default loans. Wells Fargop Bank, N.A. and other Defendants herein named intentionally were pushing borrower in default and slandering Plaintiff's credit. Moreover defendant failed to correct those loan instruments of World Savings Bank, FSB given to consumers with more concise correct disclosures of their mortgage terms, specifically the "grey area", in which two borrowers are executing a note and mortgage and insufficiently not disclosing the aspect of bankruptcy of one signer and the "Riding-Through Clause" and the several Court of Appeals Decisions as a Fourth Possibility during a debtors/consumers bankruptcy, when the loan is not in default and current.

12. Additionally Plaintiff before filing this suit experienced the intentional "Run Arounds" by Defendants, when being contacted and the contradictory false inaccurate answers received or given to consumer and plaintiff possibly using "Dual Tracking with different data of borrower in that unfair process.

13. Plaintiff is a co-signer/co-borrower of two (2) loans given by World Savings Bank, FSB. On August 2, 2006 for $ 120,000 Mortgage Loan # 0043514371 and open end Mortgage for $ 160,000 Loan # 0043606086.

14. Other Co-Signer Ron Paoloca which is insolvent is currently in bankruptcy. Plaintiff ask permission from the Bankruptcy Judge to sue other parties and Lenders in this Court. Ron Paoloca is not a party to this suit. He is being sued through a Adversary proceeding

15. Ron Paoloca is the co-signer of those above named loans but signed only as a nominal borrower.

16. World Savings Bank, FSB was the original lender of those above named loans. Two (2) months after the signing and execution of the note and security instruments, the insolvent Bank/Original Lender was acquired by Wachovia Corporation for $25.5 billion Dollars. On December 31, 2008, Wachovia Corporation was acquired by Wells Fargo Bank N.A. for 14.8 Billion dollars. Upon available records from the acquisition of Wachovia Corporation emerged or indicates troubling facts of FDIC failure to draft a resolution for two potential buyers (Wells Fargo Bank, N.A. and City Group) The turmoil ended with the acquisition of Wachovia Corporation by Wells Fargo Bank N.A. for 14.6 billion Dollars as mergers.

17. Pursuant to records, Plaintiff made from the execution of those mortgages the loan payments from her Bank Account, and every payment was accepted by Original Lender, and Successor Wachovia Corporation and Wells Fargo Bank, N.A. until 2/16/2016, when the Bank refused payments, which is explained later more in detail in this complaint.

18. Pursuant to records, Plaintiff made the last mortgage payment from TD Bank Account 787-058XXXX on 1/17 2012 in the amount of $ 1,224.86 to Wachovia Corporation.

19. On 2/16/2012 Plaintiff started to make payments from the TD Bank Account above mentioned to Wells Fargo Bank, N.A. paying $ 1,133.69 .

20. Ms. Delgrosso (Plaintiff) executed on August 2, 2006 as a borrower the above named loan instruments. Mr. Paoloca (Defendant-debtor) acted as a nominal co-signer for those loans.

18. Upon records on or about October 30, 2009, Plaintiff assumed and took over the complete responsibility of paying the loan payments after the debtor had financial difficulties since the begin of 2007.

19. On or about September 2009 the borrowers (actual and nominal) split and lived separately and having their taxes filed independently. Plaintiff kept the 502 Sherwood address and Defendant/ debtor moved to 217 Lincoln Drive, Brigantine, NJ. 08203.

20. On or about {February 2008, the lender and servicer was Wachovia Corporation, which acquired the World Savings Bank, FSB. loans. The borrowers at that time notified them in regard to the contractual changes from two borrowers (actual borrower and nominal borrower) to only the Plaintiff. Nor did the defunct bank contest the request, nor it was denied the application to take over the Mortgage/loans. Plaintiff believed that in good faith that the Lender agreed to the new terms and changes.

21. On or about February 1, 2012 Wells Fargo Bank, N.A./Wells Fargo Home Mortgage sent the first statements and/or announced to by the lender by merger of those loans in question.

22. From October 30, 2009 [Cut-Off Date, Deed Transfer of Ownership] Plaintiff continue to make mortgage payments as the sole borrower and continuing to assume and reaffirm to Wells Fargo Bank, N.A. those loans in question.

23. Plaintiff had several phone conversations with both Wachovia Corporation and Wells Fargo Banks, N.A.'s representatives informing them again and again of the changes and the creation of the new terms in the contracts. Representatives suggested " as long as the mortgage payment are being made and the account current is, it would be not necessary to make any changes to the contracts, even though the co-signer and nominal borrower had financial difficulties and later became insolvent. Moreover, the representatives of both banking institutions acknowledged the assumption of the loans to plaintiff.

24. Upon information and belief, Plaintiff recently became aware, that the Defendant and Debtor filed for bankruptcy protection back in 2014 and converted from Chapter 13 to Chapter 7 in 2015, which is now pending in U.S. Bankruptcy Court, District of New Jersey.

25. Plaintiff was never a part of any Bankruptcy, nor filed for Bankruptcy.

26. With the stealthy act by Defendants to add 502 Sherwood Road, Mays Landing, NJ. 08330 and the two World Savings Bank Loans –Loan # 0043514371 and Loan # 0043606086 as a asset/debt to be considered and named it as discharge-able creates damages to my life and irreparable harm, which Plaintiff demands compensatory damages from all Defendants.

27.     Additionally the additional stealthy act by Lender Wells Fargo Bank, N.A., which denied the loan payments on 2/16/2016 for the loans # 0043514371 and loan # 0043606086, with the knowledge, that the loans were fully assumed (taken over) by Plaintiff and that Plaintiff is current with all payments and is not in default creates no necessary turmoil. Representatives from Wells Fargo Bank, N.A. in phone conversations named Powers Kirn LLC as the first counsel to contact. Plaintiff contacted Powers Kirn LLC., phone number 856-802-1000 and talked to Ms. Nicole. After several calls they revealed that Reed Smith, LLP., also representing lenders were at the knowledge of the matter of bank's denial of the mortgage payments. Moreover, Plaintiff contacted all those firms and Debt Collectors, which gave me and the Debtor the "Mary Run-Around" giving vague, not concise and unclear answers to the matter. Some of those firms are not even listed on record as counsels in this bankruptcy petition. Further Wells Fargo Bank, N.A. as the Lender/Creditor and Phelan, Halinan, Diamond & Jones, P.C., as the counsel on record permitted other counsels illegally and arbitrarily to co represent Wells Fargo Bank, N.A. and make decisions for the US Bankruptcy Court and Wells Fargo Bank, N.A., which falls under the US Bankruptcy Court and their Judges.

28.     Plaintiff sent a"Qualified Written Request"; "Notice of Error";" Request for Permission to Assume and Continue Payments"; " Letter (Notarized)" to Wells Fargo Bank, N.A. Wells Fargo Home Mortgage. Plaintiff is currently waiting for answers.

29.  Plaintiff in addition filed a corrected Deed evidencing that since October 30, 2009 it is assumed that the plaintiff is the sole borrower,party and makes payments to those loans.

30.  Creditor Wells Fargo Bank, N.A., debtor and Debt Collectors as third unknown counsels created the situation damaging a third party and Plaintiff, which is not a party in this Bankruptcy.

31.  Plaintiff is asking for a Jury Trial

        Therefore for all reasons explained before I ask this Court to Order.

    a)   Plaintiff's Loans, loan # 0043514371 and loan # 0043606086 being reinstated as active.

    b)   Compensatory / Putative Damages in the amount of $ 2,500,000.00 .

c) And any other order as this Court seems just and proper as Enforcement Action Against Wells Fargo Bank, N.A. and Federal National Mortgage Association and Enforcement Action to remove law license of those Debt Collection Firms .

Dated: February 28, 2016

*Elizabeth DelGrosso*

Elizabeth DelGrosso

# Certification

I Elizabeth DelGrosso certify that all my statements are true. I am aware that if I give a willfully false statement I am subject to punishment.

Dated: February 26, 2016

*Elizabeth DelGrosso*
ELIZAbeTH DelGrosso